ORIGINAL


**FILED**

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0725

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0725

IN RE THE PARENTING OF M.M.:

ELISE M. GUEST,

Petitioner and Appellee,

v.

PAUL R. MANNELIN,

Respondent and Appellant.

**FILED**

JAN 2 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellant Paul R. Mannelin, via counsel, moves pursuant to M. R. App. P. 22(2)(a) for relief from an Order of the Fourth Judicial District Court, Missoula County, denying his Motion to Stay Pending Appeal. Mannelin alleges that if the judgment is not stayed until this appeal is resolved, the child M.M., who is subject to the incorporated parenting plan, will be irreparably harmed because the plan drastically reduces Mannelin's parenting time with the child. Appellee Elise M. Guest objects to Mannelin's motion for stay, arguing this Court should allow the District Court's denial of stay to stand because Mannelin has not demonstrated the requisite good cause for this Court to provide relief from the District Court's Order.

From Mannelin's motion and Guest's response in opposition, the Court understands that in this case, the parties previously had no formal parenting plan in place for M.M.'s care. However, Mannelin alleges their informal agreement resulted in him having more parenting time than the formal parenting plan ordered by the District Court. In his motion for relief, he argues that the District Court made erroneous findings of fact and conclusions of law, its order infringes on his rights, and it made arbitrary rulings. In response, Guest

asserts that Mannelin mischaracterizes several of the District Court rulings, including the amount of parenting time he has under the plan as ordered by the court.[1]

M. R. App. P. 22(2)(a) provides that a motion for relief under this Rule must, among other factors, demonstrate good cause for the relief requested. M. R. App. P. 22(3) allows this Court, in the interests of justice, to grant, modify, or deny the relief requested. "Good cause" is generally defined as a legally sufficient reason and referred to as the burden placed on a litigant to show why a request should be granted. *Brookins v. Mote*, 2012 MT 283, ¶ 29, 367 Mont. 193, 292 P.3d 347 (citations omitted). We have considered Mannelin's arguments. We are not convinced that the interests of justice require overturning the decision of the District Court, nor has Mannelin demonstrated good cause to do so.

Therefore, IT IS ORDERED that the M. R. App. P. 22(2)(a) motion of Appellant Paul R. Mannelin for relief from the District Court's order is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record.

DATED this 24th day of January, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

---

[1] Although Mannelin submitted numerous exhibits with his motion for relief, he neglected to include the District Court's Final Parenting Plan which is the subject of his motion to stay. M. R. App. P. 22(2)(a)(ii) requires a party to include copies of the relevant documents from the record with a motion for relief.

2